## Good Shepherd Cemetery Co. v. Commonwealth

*Henry Gass,* for plaintiff.

*Lawrence R. Wieder, Assistant Attorney General,* for Commonwealth.

WESNER, *J.,* March 10, 1976—The within matter comes before this court on preliminary objections by Good Shepherd Cemetery Company, plaintiff, against the Commonwealth of Pennsylvania. Plaintiff's preliminary objections are based upon application and interpretation of the Act of April 5, 1849, P.L. 397, sec. 1, 9 P.S. §8, which holds: "It shall not be lawful to open any street, lane, alley or public road through any burial ground or cemetery within this Commonwealth, any laws heretofore passed to the contrary notwithstanding: Provided, That this section shall not extend to the city and county of Philadelphia."

The facts by stipulation are these: Plaintiff is a Pennsylvania nonprofit corporation organized and existing by virtue of the Act of April 29, 1874, P.L. 71. The stated purpose of the corporation is establishing and keeping a cemetery or place of burial. The Commonwealth proposes to condemn property belonging to plaintiff for the straightening and widening of Tuckertown Road as the same intersects with Pennsylvania Route 61 in the Township of Muhlenberg, County of Berks, Commonwealth of Pennsylvania.

The stated purpose of the taking is to provide for greater safety at the intersection. By said stipulation it would appear that the land to be taken, amounting in all to 0.013 acres, is presently used for parking both for people visiting the cemetery and people attending the Hinnershitz Church, as-

signor to plaintiff of parking lot mentioned, as well as the burial grounds, the same having been known previously as Hinnershitz Cemetery Company. It is admitted in the stipulation that the parking lot presently accommodating 18 cars will no longer be usable as a parking lot if the taking is effected.

The thrust of plaintiff's argument is that the above referred-to statute prohibits the Commonwealth from taking any cemetery property under any circumstances and cites as authority Interstate Cemetery Company Appeal, 422 Pa. 594, 222 A. 2d 906 (1966). We are not convinced that Interstate Cemetery Company Appeal, supra, controls nor are we convinced that the Act of 1849 has application in the instant case.

The language of said act is clear and unequivocal. It disallows the Commonwealth or anyone else having rights of eminent domain to "open any street, lane, alley or public road through any burial ground or cemetery within this Commonwealth." The words are clear; there is no ambiguity and under such circumstances, the rules of statutory construction are clear providing that: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." See Statutory Construction Act of December 6, 1972, P.L. 1339 (no. 290), 1 Pa.C.S. §1921 (b).

A widening and straightening of a road is not an opening of a road within the meaning of the act.

Although in Interstate Cemetery Company Appeal, supra, the courts found that the act applied in an attempt to open a street through the cemetery even though there had been no burial closer than 76 feet to the proposed taking, it should be noted that the entire tract from which the proposed taking was

attempted had been laid out in burial lots even though those closest to the proposed road were, as of that time, not used for actual burial.

In the present case, there is not now, nor in the future will there be, any attempt to use the plot of the proposed taking for burial. In fact, it is used for both church service parking and cemetery parking.

We find no violation of the Act of April 5, 1849, supra. The preliminary objections are dismissed.